# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLIFFORD MALCOMB, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-1087 |
| | ) Judge Schwab |
| CRAIG McKEAN, *et al.*, | ) Magistrate Judge Bissoon |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the orders of this Court.

### II. REPORT

Joseph Clifford Malcomb ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Greensburg ("SCI-Greene"), in Greensburg, Pennsylvania. Plaintiff brings the instant lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1981, *et seq.*, alleging violations of his rights under the Constitution of the United States. (Doc. 3 at 1). Plaintiff's complaint, along with attached motion for leave to proceed *in forma pauperis* ("IFP"), were received by this Court on March August 23, 2011. (Doc. 1). On August 24, 2011, Plaintiff's motion was granted, and Plaintiff was ordered to authorize the withdrawal of funds from his inmate trust account. (Doc. 2). As of the date of this writing, Plaintiff has not complied with this order, nor has he sought an extension of time in which to do so.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants, and Plaintiff's claims appear to be within the applicable statute of limitations. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is an inmate proceeding *pro se*. Thus, the imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's complaint fails to provide a sufficient basis for liability against Defendants under 42 U.S.C. § 1983. Thus, this factor weighs in favor of dismissal.

Because five of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed without prejudice.

### III. **CONCLUSION**

For the reasons stated above, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the order of this Court.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until October 31, 2011, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 16, 2011
<u>s/Cathy Bissoon</u>
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**JOSEPH CLIFFORD MALCOMB**
BW-3347
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601