IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLIFFORD MALCOMB, | Civil Action No. 11 - 1087 |
| Plaintiff, | |
| v. | District Judge Arthur J. Schwab |
| | Magistrate Judge Cynthia Reed Eddy |
| CRAIG MCKEAN, Pennsylvania State Police; and JOSHUA THOMAS, Pennsylvania State Police, | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Complaint be dismissed with prejudice under 28 U.S.C. § 1915A.

**II.   REPORT**

Plaintiff, Joseph Clifford Malcomb, an inmate currently confined at the State Correctional Institution at Greensburg, Pennsylvania, commenced this action under 42 U.S.C. §§ 1983 and 1985 alleging violations of his constitutional and state rights against two members of the Pennsylvania State Police. For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening

and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b). In applying this statutory requirement, a federal court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Dodrill, 696 F.Supp.2d 454, 471 (M.D. Pa. 2010). To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and

apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

B. Relevant Allegations and Facts of Record

On December 5, 2007, state parole agents Bruce Fronk and Dave Sedan came to a residence located at 112 Bauer Road in Monaca, Pennsylvania searching for Paul Crisp and James Lunceford in connection with criminal charges arising from credit card fraud and burglary. These individuals were not at the premises at the time. Thereafter, Agent Fronk notified Defendants that what appeared to be stolen property was located at the premises, including a Vizio 32-inch flat screen television. On December 6, 2007, Lunceford was arrested and placed in the Beaver County Jail (BCJ) pending a parole violation hearing and new criminal charges. Also on December 6, 2007, Plaintiff was arrested and detained in the BCJ for state parole violations following a traffic stop where weapons and drug paraphernalia were found on his person. On December 10, 2007, Plaintiff was transferred from the BCJ to the State Correctional Institution at Pittsburgh (SCIP).

On December 20, 2007, Defendant McKean questioned Lunceford who confirmed that several stolen items from several burglaries could be located at the 112 Bauer residence. Based on that information, and information from Agent Fronk concerning his observations of the premises on December 5, 2007, McKean applied for a search warrant, which was granted and carried out by Defendants on December 21, 2007. During the search, Defendants located several suspected stolen items and left a copy of the search warrant, affidavit of probable cause and itemized inventory sheet on the kitchen table. The inventory sheet, signed by Defendant McKean, indicated that 19 items were seized. Sometime thereafter, Plaintiff was ordered to serve nine months backtime for technical parole violations.

3

On June 2, 2008, Plaintiff was required to be a state witness against Mr. Crisp and Mr. Lunceford; however, Plaintiff refused to testify to any personal knowledge that could implicate him in a conspiracy. On June 3, 2008, Plaintiff was questioned by Defendant McKean and Chief Early of the Brighton Township Police Department and was shown a new inventory sheet that listed 23 items seized. Plaintiff was questioned about a pistol located in his tool box, two gold rings and fourteen purses that were located in the next door neighbor's garbage can. Plaintiff refused to be questioned any further stating that the search had gone beyond the scope of the warrant.

On September 10, 2008, having completed serving his nine months backtime sentence, Plaintiff was reviewed by the Pennsylvania Board of Parole (Board) for reparole. In October, Plaintiff was transported to the BCJ and was arraigned on five counts of Receiving Stolen Property and Criminal Conspiracy. The property alleged to have been stolen as set forth in the informations is as follows:

No. 2521 of 2008:

1 Atra Ace magnetic drill owned by Sipple Company valued at $865.00.

No. 2522 of 2008:

1 Goodyear Wrangler tire and rim, 1 Daimler Chrysler automobile stereo and 1 Aciphax bag containing numerous compact discs owned by Abigail Wilson and Braden Janette valued at $3,730.49.

No. 2523 of 2008:

1 Vizio 32-inch flat screen television and 1 compact disc holder containing numerous compact discs owned by Mary Jane Dimond of unspecified value.

No. 2525 of 2008:

3 Pennsylvania expired drivers' licenses owned by Paul Hogan of unspecified value.

No. 2526 of 2008:

1 Apex portable DVD/CD/MP3 player owned by David Russell valued at $100.00.

Plaintiff was held over for trial on these charges following a preliminary hearing held on November 24, 2008.

Subsequently, Plaintiff filed a Motion to Suppress the evidence. Following a suppression hearing held on April 16 and 17 of 2009, Plaintiff's Motion to Suppress was granted on the following bases: the search of the vehicle and the trash can of the adjacent property went beyond the scope of the warrant; the description of the items searched for as set forth in the application for the search warrant were not specifically identified; and the affidavit of probable cause for issuance of the search warrant failed to specify the time when the informant obtained his information as to the Vizio 32-inch flat screen television. On September 9, 2009, an Order was entered granting a motion for *nolle prosequi* filed by the District Attorney of Beaver County dismissing the criminal charges.

Defendants are the individuals who conducted the search of Plaintiff's residence on December 21, 2007. Plaintiff seeks to hold these individuals liable based on their actions in seizing items not specifically listed on the search warrant and searching areas beyond the scope of the warrant. He further claims that Defendants' are liable for malicious prosecution based on their actions in pressing criminal charges against him.

### C. Limitations Periods

Plaintiff seeks recovery against Defendants under 42 U.S.C. §§ 1983 and 1985. These statutes do not contain a specific federal statute of limitations period for filing civil rights actions thereunder. Instead, the limitations period for civil actions brought under these statutes is

5

determined by state law. Such actions are classified as personal injury claims for the purpose of determining the limitations period under the applicable state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). The limitations period for personal injury actions under Pennsylvania law is two years. 42 Pa. Cons. Stat. Ann. § 5524. Thus, under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. §§ 1983 and 1985 is two years.

In Pennsylvania, the limitations period begins to run from the time the plaintiff suffers the injury or has reason to know of the injury. Morgan v. Johns-Manville Corp., 354 Pa. Super. 58, 61-62, 511 A.2d 184, 186, *allocatur denied*, 514 Pa. 636, 522 A.2d 1105 (1986). Federal law, however, governs the date of accrual for claims brought under § 1983. Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427, 435 (3d Cir. 2005), *cert. denied*, 547 U.S. 1035 (2006). Under federal law, much like in Pennsylvania, the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. Gibson, 411 F.3d at 435 (quoting Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (holding that the statute of limitations begins to run on an illegal search and seizure claim at the time of the search). *See also* Wallace v. Kato, 549 U.S. 384, 390 (2007) ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete cause of action ... that is, when the plaintiff can file suit and obtain relief") (internal quotations and citations omitted).

Plaintiff's Complaint is dated August 14, 2011. The events Plaintiff references in his complaint occurred over two years prior to his filing the complaint in this case with the exception of the Order granting the motion for *nolle prosequi*, which occurred on August 10, 2009. The only claim Plaintiff can make relevant to this allegation is for malicious prosecution.

To prove malicious prosecution, a plaintiff must show that: 1) the defendants initiated a criminal proceeding; 2) the criminal proceeding ended in plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered deprivation of a liberty consistent with the concept of seizure as a consequence of a legal proceeding. Gallo v. City of Philadelphia, 161 F.3d 217 (3d Cir. 1998) (citing Albright v. Oliver, 510 U.S. 266 (1994) (holding that while substantive due process would not provide a basis for relief, the Fourth Amendment might).

The first element plaintiff must allege is referred to as the favorable termination requirement. In order to satisfy the favorable termination element, a plaintiff to show that his prior criminal case was disposed of in a way that indicates that he was innocent. Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002); Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (holding that a § 1983 malicious prosecution plaintiff must be innocent of the crime charged in the underlying prosecution). As noted above, the charges against Plaintiff were dismissed pursuant to a grant of *nolle prosequi*. A *nolle prosequi* signifies termination of charges in favor of the accused only when their final disposition is such as to indicate the innocence of the accused. Donahue, 280 F.3d 371, 383 (3d Cir. 2002) (quoting Restatement (Second) of Torts: Indecisive Termination of Proceedings § 660). *See also* Kossler v. Crisanti, 564 F.3d 181, 194 (3d Cir. 2009) (*en banc*) (explaining that "courts need not reach the probable cause element unless they first make a finding of favorable termination after examining whether the proceeding as a whole indicates the innocence of the accused with respect to the conduct underlying all of the charges").

Here, Plaintiff's charges were dismissed pursuant to a grant of *nolle prosequi* four months after the trial court granted Plaintiff's suppression motion. In its May 12, 2009 Memorandum Opinion, the trial court found as follows.

> The defendant next asserts that the warrantless search of his residence by state parole agents was unlawful. A review of the testimony of Supervisor Bruce Fronk and Agent David Sedon of the Pennsylvania Board of Probation and Parole at the suppression hearing regarding the circumstances of the search of the defendant's residence is summarized as follows: The co-defendants, James Edward Lunceford and Paul David Crisp, as well as the defendant, were all under the supervision of the Pennsylvania Board of Probation and Parole during the time in question. The defendant, with the approval of Supervisor Fronk and Agent Sedon, began residing at 112 Bauer Road, Center Township, Beaver County, Pennsylvania, in September, 2007. The defendant's nephew, Tony Bartrug, and his girlfriend also were living at the residence. As part of their parole plan, the co-defendants, Lunceford and Crisp, were required to live at Penn Pavilion, a residential facility located in New Brighton, Beaver County, Pennsylvania.
>
> As a result of a television news report containing footage of two individuals utilizing a stolen credit card at a beer distributor, the parole agents learned that the co-defendants were the persons shown in the news report. Both of the co-defendants had been fugitives from parole. Based upon reports obtained from Penn Pavilion, the parole agents became aware that the co-defendants had received passes to visit the defendant's residence between October and December, 2007. Utilizing this information, the parole agents, accompanied by police officers from the Center Township Police Department in a support role, proceeded to the defendant's residence on December 5, 2007, at approximately 10:00 P.M. in search of the co-defendants, Lunceford and Crisp. Upon arriving at the residence, the agents were admitted to the home by Mr. Bartrug and his girlfriend. Immediately upon entering the house, the agents observed a case of beer on the kitchen table. Mr. Bartrug was asked if the co-defendants were in the residence, to which Mr. Bartrug replied in the negative. The agents, not accepting solely Mr. Bartrug's statement, searched the entire house and found neither of the co-defendants. The defendant was not present at the time of the search. During the search of the residence, the agents found an empty beer can and a pocket knife in the defendant's bedroom. Possession of alcohol and a knife were technical violations of the defendant's state parole. The agents also noticed a Vizio 32-inch flat screen television in the defendant's bedroom. The following day—December 6, 2007—the defendant reported to the state parole field office, was taken into custody and incarcerated on the technical violations of his parole after admitting to possession of alcohol and the pocket knife. The defendant has remained in custody on the parole violations as well as on the instant case. Supervisor Fronk

telephoned Trooper Craig McKean to inform him that he observed the flat screen television in the defendant's bedroom at the residence.

. . .

The defendant attacks the search warrant on three grounds: (1) that the search conducted pursuant to the warrant was beyond the scope of the search warrant; (2) that the application for the search warrant insufficiently describes the property to be searched for and seized; and, (3) that the facts as stated in the affidavit of probable cause are insufficient to establish probable cause for a search warrant.

The defendant asserts that the search conducted by the state police of a vehicle at the residence and the garbage can of the residence at 114 Bauer Road were beyond the scope of the property described in the application for the search warrant. The specific description of the premises to be searched in the application for the search warrant was: "Residence and curtilage at 112 Bauer Road in Potter Township, Beaver County. This residence is a one-story house sitting on the west side of Bauer Road." In searching the vehicle, whose owner was unknown, two yellow gold rings were seized. A search of the garbage can at the neighboring residence resulted in the seizure of 14 women's purses. Although a lawful search generally extends to the entire area in which the object of the search may be found, the search of the vehicle and the garbage can of the adjoining property was beyond the scope of the property described in the application for the search warrant. However, the defendant was not charged in connection with the items found in the truck or the garbage can, and thus, the searches of vehicle and the garbage can were of no consequence. Nonetheless, the above mentioned evidence shall be suppressed.

The application for the search warrant dated December 21, 2007, describes the items to be searched for and seized as "Stolen property to include but not limited to a 32" flat screen Vizio television". Rule 206(2), regarding the contents of an application for search warrant, requires that the application for a search warrant identify specifically the items or property to be searched for and seized.

. . .

Other than a specific reference to a 32-inch flat screen Vizio television, the application for search warrant refers only to "stolen property" without any description of any kind as to the nature or type of the items that the police were searching for. Such a description fails to meet the requirement of either Rule 206(2) or the above authority as to any of the items other than the television. Therefore, the warrant is defective and all items except the television will be suppressed.

> [With respect to the television] the defendant argues that the affidavit failed to provide probable cause for issuance of a search warrant.
>
> In determining whether a warrant is supported by probable cause, no evidence outside the four corners of the affidavit is permissible. . . . .
>
> An examination of the affidavit of probable cause in the instant case reveals that in paragraphs 2 and 3, the affiant fails to provide the source of his information, the reliability of the source and the date that the information was received. Paragraph 4 does not disclose when the information was received by the affiant nor when the informant observed what was described.
>
> . . .
>
> . . . The record of the suppression hearing in the instant case makes clear that Supervisor Fronk, after testifying in support of his search of the defendant's residence, reported the observance of the television to Trooper McKean on December 6, 2007. However, Trooper McKean, when applying for the search warrant on December 21, 2007, made no reference in the affidavit of the time that Supervisor Fronk observed the television in the defendant's residence. Since the court is not permitted to consider oral testimony outside the four corners of the written affidavit to supplement the finding of probable cause for a search warrant pursuant to Rule 203(D); the affidavit of probable cause and warrant in the instant case are defective. The television seized as a result of the search warrant shall therefore be suppressed.

May 12, 2009 Memorandum Opinion and Order (internal citations omitted).

The Memorandum makes clear that Agent Fronk observed stolen property in Plaintiff's residence when he was conducting a lawful search for two parolees. The suppression motion was granted, not because Plaintiff was innocent, but because the search of the vehicle and the trash can of the adjacent property was beyond the scope of the search warrant, the descriptions of the items searched were not specifically identified and the affidavit of probable cause failed to specify the time when the informant obtained his information as to the Vizio 32-inch flat screen television. Although the charges against Plaintiff were dismissed pursuant to a grant of *nolle prosequi*, the testimony of Agent Frond at the suppression hearing indicates that he observed the television at Plaintiff's residence. This evidence demonstrates that Plaintiff is not innocent of the

charges. Thus, although Plaintiff's malicious prosecution claim is timely, he cannot state a claim upon which relief may be granted as he cannot show the required first element, favorable termination. Consequently, the Complaint should be dismissed with prejudice against all Defendants.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Complaint be dismissed with prejudice under 28 U.S.C. § 1915A.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. Any party opposing objections will file their response to the objections in accordance with the Local Rules.

November 23, 2011

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Joseph Clifford Malcomb, BW3347
SCI-Greensburg
165 S.C.I. Lane
Greensburg, PA 15601