# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLIFFORD MALCOMB, | Civil Action No. 11 - 1087 |
| Plaintiff, | |
| v. | United States District Judge |
| | Arthur J. Schwab |
| CRAIG MCKEAN, Pennsylvania State Police; and JOSHUA THOMAS, Pennsylvania State Police, | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

**MEMORANDUM ORDER**

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on August 23, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

On February 24, 2014, the magistrate judge entered a Case Management Order, which was mailed to Plaintiff at his address of record, setting deadlines for discovery and summary judgment. (ECF No. 35). In this Order, Plaintiff was advised, *inter alia*, (1) of his obligation respond to a motion for summary judgment, (2) of the manner in which to properly respond, (3) that failure to deny or otherwise controvert any alleged undisputed facts contained in Defendants' Concise Statement of Material Facts would be deemed an admission, and (4) that failure to comply with the Order would result in the Motion being decided without the benefit of his response. *Id.* at 4.

On June 18, 2014, Defendants filed a Motion for Summary Judgment, (ECF No. 40), a Brief in Support thereof, (ECF No. 41), a Concise Statement of Undisputed Material Facts, (ECF

1

No. 42), and an Appendix, (ECF No. 43). The magistrate judge issued a Remark on June 23, 2014, reminding Plaintiff that the Case Management Order from February 24, 2014 was still in effect and that Plaintiff was required to respond to the documents filed by Defendants on or before July 31, 2014. (Text-Only Remark from 6/23/2014). This Remark was mailed to Plaintiff at his address of record on June 23, 2014.

Plaintiff never filed a response to Defendants' motion for summary judgment or supporting documents. On August 27, 2014, the magistrate judge issued a Report and Recommendation finding that "the matter is ripe for disposition without the benefit of [Plaintiff's] response," and recommended that the Court grant Defendants' motion for summary judgment. The magistrate judge noted that pursuant to this District's Local Rule 56.E., all of the facts contained in Defendants' Concise Statement of Undisputed Material Facts are deemed to be admitted by Plaintiff. Applying those facts, the magistrate judge determined that Defendants were entitled to summary judgment because Plaintiff could not satisfy all of the elements of a claim for malicious prosecution and Defendants are entitled to qualified immunity.

Plaintiff filed timely objections to the Report and Recommendation, which were filed on September 10, 2014. (ECF No. 45). In his objections, Plaintiff disputes several of the facts relied upon by the magistrate judge. He also asserts that he has documents in his possession which should be added to the record and has attached this material to his objections. However, Plaintiff fails to acknowledge or provide an explanation for not filing a response to Defendants' motion for summary judgment. Plaintiff was advised multiple times by the magistrate judge of his obligation to respond to the documents filed by Defendants as well as the consequences of failing to respond; however, he chose not to do so. Therefore, Plaintiff is precluded from making

arguments or relying on documents in his Objections which should have been filed in response to Defendants' motion for summary judgment and supporting documents.[1]

The magistrate judge correctly concluded in the Report and Recommendation that by failing to respond to Defendants' Concise Statement of Undisputed Material Facts, Plaintiff admitted to all of the allegations contained therein pursuant to this District's Local Rule 56.E. *Emigh v. Miller*, 2010 WL 2926213, *4 (W.D.Pa. 2010). As a result, based on these admissions of fact by Plaintiff, he is unable to prevail on a claim for malicious prosecution and Defendants are entitled to qualified immunity as a matter of law.

After *de novo* review of the pleadings, the motion for summary judgment, and supporting documents in the case, together with the Report and Recommendation and the Objections thereto, the following order is entered:

AND NOW, this 12th day of September, 2014:

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 40) is **GRANTED** and the sole remaining count in the Complaint for malicious prosecution is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 44) dated August 27, 2014, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (ECF No. 45) are **OVERRULED.**

---

[1] The Court notes that it has examined all of the additional evidence submitted by Plaintiff in his Objections and concludes that even if it were to consider this improperly submitted evidence, Defendants are entitled to summary judgment because Plaintiff cannot establish a claim for malicious prosecution and Defendants are entitled to qualified immunity.

**AND IT IS FURTHER ORDERED** that the Clerk of Court shall mark the case **CLOSED**.

**So ORDERED** this 12th day of September, 2014.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties
Joseph Clifford Malcomb,
5 Singer Ave
McKees Rocks, PA 15136